### TRUST—FRAUD.

[Hamilton County Circuit Court, March, 1895.]

Louis Duhme, Administrator, et al. v. Christina Mehner, Administratrix, et al.

1. Sufficiency of Petition in an Action Against a Trustee of an Express Trust, for Defrauding Beneficiaries.

> In an action against the trustee of an express trust, charged with defrauding some of the beneficiaries, a demurrer will not lie against the petition alleging such fraud, even though the allegations are not as to a substantial fact and may be difficult of proof.

2. When Action for Fraud Against the Trustee of an Express Trust is Saved from the Statute of Limitations.

> An allegation that such fraud was not discovered until within four years of the filing of the petition saves the action from the bar of the statute of limitations, as against a demurrer. •

3. Individual and Representative Capacity of the Trustee of Express Trust.

> Where such action is brought against the trustee in her representative character, and it appears from the petition that the acts constituting such fraud were done by her in her representative capacity, and operated to her benefit as trustee, the petition is not subject to demurrer on this ground.

Appeal from Hamilton Common Pleas.

Smith, J.

We are of the opinion that the demurrer filed to the petition of the plaintiffs, as amended, should be overruled. Such petition, on its face, shows that Florence L. Thompson, now deceased, and Albert W. Mehner were children and heirs at law of Louis Mehner, deceased, late of this county, who died intestate, leaving a personal estate of about $150,000, which would pass, on distribution of his estate, to his widow, Christina Mehner, and his four children. That said Christina was appointed and qualified as administratrix of said estate, and took possession of the assets thereof, and thus became the trustee of an express trust, and it became her duty to guard and protect the interest of the beneficiaries of said trust. That in violation of her duty in this regard, shortly after the death of her husband she combined with her son, Edwin, then of full age, to obtain for herself the full possession and control of all said trust estate and to secure from the beneficiaries thereof a release of their several interests therein, to the end that she and her son, Edwin, might have complete control thereof, freed from the claims of the beneficiaries. And to that end she then represented to Florence L. Thompson that her father in his lifetime desired that on his death the mother should have complete control and dominion over all of his estate while she lived, and that at her death, Mrs. Thompson and her sister, Josephine, should each have $20,000 and no more, and that the two sons should have the residue; that at this time Mrs. Thompson was but nineteen years of age, recently married, and had no knowledge of business affairs; that she had always lived at home under the dominion and control of her father and mother, to whom she was greatly attached, until her marriage three months before her father's death; that she was ignorant of her rights in the premises and was then under the dominion of her mother and had no attorney to advise her, and her husband, a very young man, would not do so; that said representation so made was wholly false, and originated with said Edwin Mehner and had no other foundation in fact than a possible opinion, casually expressed by Louis Mehner in his lifetime, that a man upon his death ought to give to his wife his property for life, to go to their children on her death; and that the said Edwin fraudulently availed himself of this pretext to induce his mother, over whom he had great influence, he being the eldest son, to deceive and defraud the

other heirs and get the money into the control of his mother, whom he could control, and that the said Christina, administratrix, in breach of her said trust, acquiesced in and aided the said Edwin in the consummation of said fraud; and by reason of said false and fraudulent representations aforesaid, and of the dominion over said Florence, had by said Christina, she was induced to sign a receipt to said administratrix for her distributive share of the estate, without any consideration therefor, and that the entire transaction was a fraudulent scheme and device to defraud her and the distributees, other than Edwin Mehner, and that such receipt is false, fraudulent and void. It is also averred, as to Albert Mehner, who was a minor of tender years, as a part of said fraudulent scheme Edwin Mehner was to be, and was appointed his guardian, and was to, and did sign a like receipt, without any consideration therefor; that the administratrix filed a pretended final account for settlement of said estate, and used said receipts as a full discharge for all moneys coming to said distributees; that this was a part of said fraudulent scheme and said pretended settlement, in so far as said receipts are concerned was void; that there is a large sum of money still in the hands of said administratrix coming to said distributees; that this fraud was not discovered until within four years from the time of the bringing of the action. Wherefore they pray that the said receipts and settlement may be declared void; that an account be taken, and the amount in the hands of the administratrix be ascertained, and she be decreed to pay the same, and for all equitable relief.

It is objected that the averments of the petition are not sufficient in this: That the representations made were not as to a substantial fact, and that it is not alleged that the said Christina knew it to be untrue. We think, however, that while the allegations as to these matters are not very explicit or certain, and may be difficult to prove, that still they are good as against a demurrer. But even if there be doubt as to this, we think it clear that, on the whole case as made in the petition—the administratrix being the trustee of an express trust, and under obligation to use the utmost good faith in her dealings with the beneficiaries of the trust—the relation of mother and children existing between them—the fact alleged that one was a minor of tender years, and the other a young married woman, under the dominion of her mother, and acting without independent advice or the aid of counsel, and who, without any consideration therefor, by virtue of a conspiracy and fraudulent scheme to which the mother is a party, is induced to execute a paper whereby she practically gives up her whole estate, makes such a case, which, if proved, entitles them to relief in equity.

Even if this is an action for relief on the ground of fraud, which is controverted, the allegation that the fraud was not discovered until within four years before the bringing of the action, disposes of the question of the statute of limitations raised by the demurrer; and the third ground that the acts complained of as having been done by Mrs. Mehner, if done by her, were so done in her individual capacity and not as administratrix, we think is not well taken. They appear to have been done by her in her representative character, and the result was a benefit to her as administratrix of the estate by operating if (the releases stand), as a release from a liability to account for the same as administratrix.

The demurrer will therefore be overruled.

*Follett & Kelley* and *Von Seggern, Phares & Dewald*, for the Demurrer.

*J. J. Glidden, E. H. Kleinschmidt* and *John R. Von Seggern,* for the Petition.